UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI A. EVANS,<br>Plaintiff,<br>v.<br>SOLANO COUNTY DEPARTMETN OF CHILD SUPPORT SERVICES, et al.<br>Defendants. | No. 2:26-cv-03842-DAD-CKD (PS)<br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Ali Evans, proceeding pro se, brings this action against defendants Solano County Department of Child Support Services, Solano County, Solano County Director of Child Support Services, Yolo County Department of Child Support Services, and Sacramento Department of Child Support Services. (ECF No. 1.) Plaintiff has also filed a motion to proceed in forma pauperis. (ECF No. 3.)

Pending before the court is plaintiff's motion for temporary restraining order (ECF No. 2), which was referred by the district judge to the undersigned for findings and recommendations. (ECF No. 4.) For the reasons set forth below, the undersigned recommends that this action be dismissed sua sponte for lack of subject matter jurisdiction and plaintiff's motion for temporary restraining order be denied as moot.

**I. Motion to Proceed in Forma Pauperis**

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable

to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

## II. The Complaint

Plaintiff alleges that, in January 2020, defendants placed a levy on his bank account, resulting in the seizure of funds from his account. (ECF No. 1 at 2.) The following month, defendants caused plaintiff's wages to be garnished for child support "without a valid, enforceable underlying child support order properly served on plaintiff." (Id.) As the garnishments continued, plaintiff "repeatedly requested documentation and proof of authority" for the garnishments and levy, but defendants "failed to produce adequate records or justify their enforcement actions." (Id.) Defendants shared plaintiff's Social Security number with third parties and "used threats, coercion, and misrepresentation to compel payment" in the form of wage garnishments, depriving plaintiff of his rights. (Id.)

Plaintiff asserts the following claims under 42 U.S.C. § 1983: violation of procedural due process under the Fifth and Fourteenth Amendments (Claim 1); violation of substantive due process under the Fifth and Fourteenth Amendments (Claim 2); violation of equal protection under the Fourteenth Amendment (Claim 3); unlawful seizure and conversion of wages (Claim 4); conspiracy to interfere with civil rights (Claim 5), and Monell[1] liability against the county defendants (Claim 6). Plaintiff also alleges wrongful garnishment, conversion, and invasion of privacy under state law (Claim 7). (Id. at 3-4.) He seeks a preliminary injunction enjoining defendants from continuing to garnish his wages and disclose his Social Security information, as well as a permanent injunction and damages. (Id. at 5.)

## III. Discussion

### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary

[1] Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978).

appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)); see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. See Morongo, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider sua sponte" subject matter jurisdiction even when not raised by the parties. Gonzalez v. Thaler, 565 U.S. 134, 141 (2012). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Here, the complaint does not establish the court's subject matter jurisdiction. This action's central issue is plaintiff's wage garnishments for purported child support obligations. This court lacks jurisdiction over claims concerning child support issues because they are exclusively matters of state law. See Ankenbrandt v. Richards, 504 U.S. 689, 702-704 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees"); see also Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986) ("Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters.") Insofar as plaintiff's claims seek to challenge child support orders issued by a state court, this action is also barred by the Rocker-Feldman doctrine. See Worldwide Church of God v. McNair, et al., 805 F.2d 888, 890 (9th Cir. 1986) (stating that under the Rooker-Feldman doctrine, federal district courts may not "review the final determinations of a state court in judicial proceedings"); Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003) (holding that district courts lack subject matter jurisdiction if the current claims are "inextricably intertwined" with a state court decision and "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules").

Accordingly, the court recommends dismissing this action sua sponte based on a lack of

subject matter jurisdiction.

**B. Motion for Temporary Restraining Order**

Plaintiff moves for a temporary restraining order enjoining defendants from garnishing his wages for purported child support payments. (ECF No. 2.) Because the complaint should be dismissed for lack of jurisdiction, plaintiff's motion for temporary restraining order should be DENIED as moot.

**IV. Conclusion and Recommendation**

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motion to proceed in forma pauperis (ECF No. 3) is GRANTED.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint (ECF No. 1) be DISMISSED sua sponte for lack of subject matter jurisdiction;
2. Plaintiff's motion for temporary restraining order (ECF No. 2) be DENIED as moot; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the district court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: November 23, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/ali3842.tro.f&rs